IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| Tatyana Wilkins, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No.   2:24-cv-577 |
| ) | |
| Professional Debt Mediations, Inc., a ) | |
| Florida corporation, ) | |
| ) | |
| Defendant. ) | <u>Jury Demanded</u> |

**COMPLAINT**

Plaintiff, Tatyana Wilkins, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendant's collection actions violated the FDCPA, and to recover damages, and alleges:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction, pursuant to § 1692k(d) of the FDCPA and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) part of the acts and transactions occurred here; b) Plaintiff resides here; and c) Defendant transacts business here.

**PARTIES**

3. Plaintiff, Tatyana Wilkins ("Wilkins"), is citizen of the State of Alabama from whom Defendant attempted to collect a defaulted consumer debt that she allegedly owed to Legends at Taylor Lakes for an apartment lease.

4. Defendant, Professional Debt Mediation, Inc. ("PDM"), is a Florida corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because

1

it regularly uses the mails/email and/or the telephone and/or credit reporting to collect, or attempt to collect, defaulted consumer debts. Defendant PDM operates a defaulted debt collection business and attempts to collect debts from consumers in many states, including consumers in the State of Alabama. In fact, Defendant PDM was acting as a debt collector as to the defaulted consumer debt it attempted to collect from Plaintiff.

5. Defendant PDM is authorized to conduct business in the State of Alabama and maintains a registered agent here, see, record from the Alabama Secretary of State, attached as Exhibit A. In fact, Defendant PDM conducts business in Alabama.

**FACTUAL ALLEGATIONS**

6. Due to financial difficulties, Ms. Wilkins was unable to pay her debts, including a delinquent consumer debt (incurred primarily for personal, family or household purposes) that she allegedly owed to Legends at Taylor Lake for an apartment lease ("Legends"). Sometime after this debt went into default, Defendant began trying to collect it from her by, among other means, credit reporting.

7. Plaintiff hired Bond & Botes to help her with her debt issues, including the debt that Defendant PDM was attempting to collect from her.

8. Bond & Botes is a group of law firms – five of which are located in the State of Alabama; these five law firms see clients in ten offices throughout Alabama.

9. At no fee to their clients, the Bond & Botes firms help their clients dispute debts that they do not owe, or that they are uncertain about whether those debts are valid.

10. Unsure about Defendant PDM, and unsure about the debt, Ms. Wilkins consulted with counsel about her debt issues and the debt that PDM was trying to

collect.

11. Accordingly, on June 26, 2024, Ms. Wilkin's attorney wrote to Defendant PDM, to notify PDM that Ms. Wilkins was represented by counsel, and that she disputed the debt that PDM was trying to collect. A copy of this letter and the facsimile confirmation are attached as Exhibit B.

12. Ms. Wilkins' attorney's letter was sent to and received by Defendant PDM, via facsimile, and was confirmed as received by PDM's fax machine/system.

13. Ms. Wilkins' attorney's letter was sent to and received by Defendant PDM at the facsimile phone number listed on its corporate website for facsimile contact number. A screenprint of which is attached as Exhibit C.

14. On August 26, 2024, Ms. Wilkins obtained and reviewed a copy of her TransUnion credit report, which showed that Defendant PDM had continued to report the debt she allegedly owed to Legends but had failed to note that the debt was disputed. The pertinent part of Ms. Wilkins' TransUnion credit report is attached as Exhibit D.

15. As a result of Defendant's failure to note that the debt was disputed, when it continued to report the debt to TransUnion, Ms. Wilkins was also forced to take an action to her detriment, by taking the time, effort, and/or expense of having her attorneys send Defendant another letter, reasserting her dispute and demanding that Defendant stop its incorrect credit reporting. A copy of this letter is attached as Exhibit E.

16. Defendant's violations of the FDCPA were material because Defendant's failure to note that the debt was disputed when Defendant reported, or continued to

report, the debt on Plaintiff's credit report harmed her credit reputation, impaired her credit rating and her ability to obtain credit. Defendant's failure to note, when reporting the debt on Plaintiff's credit report, that the debt was disputed, makes it appear as if Plaintiff does not actually have the right to dispute the debt.

17. Furthermore, § 1692e(8) of the FDCPA's command, that a debt collector must communicate that a disputed debt is disputed, is rooted in the basic common law principle of defamation/fraud that, if a debt collector elects to communicate credit information about a consumer, it must not omit a material piece of information, namely, that the debt is disputed.

18. Defendant's collection actions negatively impacted Ms. Wilkins' credit score, and forced her to take the time, effort and/or expense to try to stop the improper credit reporting, see, Mack v. Resurgent Capital Services, 70 F.4th 395, 406-407 (7th Cir, 2023) and Walters v. Fast AC, LLC, 60 F.4th 642, 649 (11th Cir. 2023).

19. All of Defendant's collection actions at issue in this matter occurred within one year of the date of this Complaint.

**COUNT I**
**Violation Of § 1692e (8) Of The FDCPA –**
**Failing To Report That A Disputed Debt Is Disputed**

20. Plaintiff adopts and realleges ¶¶ 1-19.

21. Section 1692e of the FDCPA prohibits debt collectors from using any false, deceptive or misleading means to collect or attempt to collect a debt, including, but not limited to, communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed, see 15 U.S.C. § 1692e(8)("…the following conduct is a violation of this section…including the failure to communicate that

4

a disputed debt is disputed…"); see also, Ewing v. Med-1 Solutions, 24 F.4th 1146, 1153-54 (7th Cir. 2022); Evans v. Portfolio Recovery Associates, 889 F.3d 337, 346 (7th Cir. 2018); Sayles v. Advanced Recovery Systems, 865 F.3d 246, 249-250 (5th Cir. 2017); and Brady v. Credit Recovery, 160 F.3d 64, 65 (1st Cir. 1998).

22. Defendant, by continuing to report the debt to the credit reporting agency, when it knew the debt was disputed by the consumer, and by failing to report that the debt was disputed, used false, deceptive or misleading means to collect or attempt to collect a debt, in violation of § 1692e(8) of the FDCPA.

23. Defendant's violation of § 1692e(8) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees, see, 15 U.S.C. § 1692k.

## COUNT II
## Violation Of § 1692f Of The FDCPA --
## Unfair Or Unconscionable Collection Actions

24. Plaintiff adopts and realleges ¶¶ 1-19.

25. Section 1692f of the FDCPA prohibits a debt collector from using any unfair or unconscionable means to collect or attempt to collect a debt, see, 15 U.S.C. § 1692f.

26. Defendant, by continuing to report the debt to the credit reporting agency, when it knew the debt was disputed by Plaintiff, and by failing to report that the debt was disputed, used unfair or unconscionable means to collect a debt, in violation of § 1692f of the FDCPA.

27. Defendant's violation of § 1692f of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees, see, 15 U.S.C. §

1692k.

## PRAYER FOR RELIEF

Plaintiff, Tatyana Wilkins, prays that this Court:

1. Find that Defendant's collection practices violate the FDCPA;

2. Enter judgment in favor of Plaintiff, and against Defendant, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Tatyana Wilkins, demands trial by jury.

    Tatyana Wilkins,

    By: s/ David J. Philipps_____
    One of Plaintiff's Attorneys

Dated: September 9, 2024

David J. Philipps     (AL Bar No. 4240-J13P)
Philipps & Philipps, Ltd.
9760 S. Roberts Road, Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com

Bradford W. Botes   (AL Bar No. 1379-O43B)
Bond, Botes, Reese & Shinn, P.C.
15 Southlake Lane, Suite 140
Birmingham, Alabama 35244
(205) 802-2200
(205) 870-3698 (FAX)
bbotes@bondnbotes.com